# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID PULLES PORTELA,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-03102-KES-SAB-HC

ORDER FOR ADDITIONAL BRIEFING

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On April 23, 2026, Petitioner filed a pro se petition raising a prolonged detention due process claim. (ECF No. 1.) On June 26, 2026, Respondents filed an answer, stating that Petitioner is subject to an administratively final order of removal and detained pursuant to discretionary detention authority under 8 U.S.C. § 1231(a)(6), Cuba has denied repatriation, and Petitioner is subject to processing for removal to Mexico as a third country removal. (ECF No. 13.)

On June 29, 2026, the assigned district judge ordered that Respondents shall not transfer Petitioner out of this district. (ECF No. 14.) On June 30, 2026, the Court reconsidered its previous denial of Petitioner's motion to appoint counsel after finding that the legal issues were more complex than they previously appeared, appointed counsel for Petitioner, and granted

Petitioner thirty days to file an amended petition or a notice that he will proceed with his original pro se petition. (ECF No. 15.) On July 29, 2026, Petitioner filed a notice that he will proceed with his original pro se petition. (ECF No. 18.)

As Petitioner's possible third-country removal to Mexico was raised in the answer,[1] the Court finds that additional briefing on the issue would assist the Court. The parties should address whether this case is distinguishable from prior cases in which this Court has found that Respondents' third-country removal policy "is contrary to Ninth Circuit precedent" and "unconstitutional." Vu v. Noem, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 3114341, at *9 (E.D. Cal. Nov. 6, 2025). Accord Vishal v. Chestnut, 811 F. Supp. 3d 1179, 1187 (E.D. Cal. 2025) ("Multiple courts have found the government's third country removal policy violates due process and is contrary to Ninth Circuit precedent.") (collecting cases).

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of the date of service of this order, Petitioner SHALL FILE a traverse, which should address the third-country removal issue set forth above along with the other arguments raised in the answer; and
2. Within fourteen (14) days of the date of service of the traverse, Respondents SHALL FILE a supplemental brief addressing the third-country removal issue set forth above.

IT IS SO ORDERED.

Dated: **July 30, 2026**

STANLEY A. BOONE
United States Magistrate Judge

[1] The Court notes that the original pro se petition does not raise a third country removal claim. Petitioner may file a motion to amend if Petitioner wishes to pursue such a claim.