# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PULLES PORTELA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-03102-KES-SAB-HC<br><br>ORDER CONSTRUING FIRST AMENDED PETITION AS INCLUDING MOTION TO AMEND, DIRECTING RESPONDENTS TO FILE RESPONSE TO MOTION TO AMEND, AND STAYING RESPONDENTS' DEADLINE TO FILE SUPPLEMENTAL BRIEF REGARDING THIRD-COUNTRY REMOVAL |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On July 31, 2026, the Court ordered additional briefing on the issue of Petitioner's possible third-country removal to Mexico and noted that "Petitioner may file a motion to amend if Petitioner wishes to pursue" a third-country removal claim. (ECF No. 19.) On August 13, 2026, Petitioner filed a traverse addressing the issue and a first amended petition ("FAP"). (ECF Nos. 20, 21.)

"The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, [is] made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11[.]" Mayle v. Felix, 545 U.S. 644, 655 (2005). Rule 15(a)(1) provides that within twenty-one days after service of a responsive pleading or a motion to dismiss, a "party may amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1). In all other

cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.” Fed. R. Civ. P. 15(a)(2). “The court should freely give leave when justice so requires.” Fed. R. Civ. P. 15(a)(2). “In assessing whether leave to amend is proper, courts consider ‘the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment.’” Kroessler v. CVS Health Corp., 977 F.3d 803, 814–15 (9th Cir. 2020) (quoting Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989)). “Futility of amendment can, by itself, justify the denial of a motion for leave to amend.” Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Here, the FAP was filed more than twenty-one days after Respondents’ responsive pleading was filed. Accordingly, Petitioner may not amend the petition as a matter of course and can only amend the petition “with the opposing party’s written consent or the court’s leave.” Fed. R. Civ. P. 15(a)(2). The Court will construe the FAP as including a motion to amend, and given the additional allegations raised regarding Petitioner’s fear of being removed to another country, (ECF No. 21 at 5), the Court construes the FAP as also asserting a due process claim with respect to Respondents’ third-country removal policy.

The Court HEREBY ORDERS that:

1. Within seven (7) days of the date of service of this order, Respondents SHALL file an opposition or statement of non-opposition to the construed motion to amend; and
2. Respondents’ deadline to file a supplemental brief regarding third-country removal (ECF No. 19) is STAYED pending resolution of the motion to amend.

IT IS SO ORDERED.

Dated: **August 17, 2026**

STANLEY A. BOONE
United States Magistrate Judge